## WILLIS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

**Criminal law ⊙═768(1)—Instructions commenting on importance and nature of case not reversible error.**

While a trial court is without authority to use undue influence, or to coerce the jury, or to impose on them a constraint that will interfere with their independent judgment of the facts, it is not reversible error to direct their attention to matters of common knowledge and public concern, and to impress them with the seriousness of the case which is under consideration.

In Error to the District Court of the United States for the Northern Division of the Southern District of California; George M. Bourquin, Judge.

Criminal prosecution by the United States against J. W. Willis. Judgment of conviction, and defendant brings error. Affirmed.

The plaintiff in error was convicted under an information which charged him with maintaining a common nuisance; that is to say, a building where intoxicating liquor, to wit, whisky, was kept and sold. The court, in instructing the jury, made the following remarks:

"In respect to the law involved in this case, the famous Volstead Act (41 Stat. 305), passed by Congress to carry out the provision for national prohibition, it is a constitutional amendment, and it is just as much a law as any other law upon our statutes. We all know that no law ever written is being violated or has been violated to a greater degree than the Volstead Law is now; but that is only the more reason why it must be enforced, as long as it is the law, with diligence and faithfulness, so that this tendency to violate this law may not, as it inevitably will, if its violations are condoned or permitted to continue unpunished, tend to encourage the violation of other laws; because, when people discover that one law may be violated with impunity, that courts and juries are impotent to enforce the law, there is a general tendency to transgress other laws, a failure to give due observance to law, and, as a result, a breaking down of the morale. In other words, if a man may break the law and escape the consequences of his act, people say: 'What is the use? If one set of men can violate one law and escape, what is the use of the rest of us observing any law?' So it leads to the violation of other laws, and a breakdown of the morale of the people.

"Another thing in reference to this Volstead Act: People comment upon the fact that with many people it is not a popular law; many people are opposed to its spirit. They argue about this way—that if they are drawn in the jury box in a case involving a prosecution for the violation of its provisions, they will return a verdict of acquittal; that they are against the spirit and operation of the law; that it is not right, so they will fail to enforce the law, and will permit the offender to escape. They argue to themselves further: 'If I am accused of a violation of this law, it will only be necessary for me to swear to any sort of a fictitious defense to give the jury a plausible excuse in order to secure my acquittal.' Gentlemen of the jury, that is a thing that wants to be suppressed, as not well founded. I will say that in the federal court I have not found it to have any basis of truth, so far as juries are concerned. Of cases that have come up in this court, there have been as many convictions that were merited under this law as in any other case. Why do I say this to you? Not to say that this defendant is to be convicted; not at all. I merely wish to impress upon you the seriousness of your duty in every one of these cases, as in any other question that may be brought before you, and that you give to it the same serious, thoughtful, and

honest consideration; that you execute and carry out your duty, your obligation, and your oath, whatever the verdict may be."

The plaintiff in error excepted to that portion of the instructions in which the court commented upon the Volstead Law, and particularly to that portion in which it was stated that the law was being violated more than any other law at that time, and to the comments to the effect that violations of it "are breaking down the morale of the people in the general observance of law," and that there was a spirit not to enforce that law. Counsel further excepted to "that portion of your charge wherein you comment upon the fact and mention the fact that Vic Smith was the agent of the defendant, because I do not believe the same was warranted or justified by the evidence."

Lester H. Loble and McIntire & Murphy, all of Helena, Mont., and Frank Hunter, of Miles City, Mont. for plaintiff in error.

John L. Slattery, U. S. Atty., and Ronald Higgins and Wellington H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is urged that there was no evidence to support the statements made by the court in regard to the Volstead Act and the violation thereof, or to show that the failure to enforce the same would break down the morale of the people, or to indicate that the law was not popular with the people, etc. It is further contended that the remarks of the court were such as to impress the jury with the fact that the law had been flagrantly violated, and that its future efficacy depended upon convictions in that court, thereby placing the defendant in the position of persons whose conviction must be had in order to uphold that particular law in public esteem. Starr v. United States, 153 U. S. 614, 14 Sup. Ct. 919, 38 L. Ed. 841, and other decisions of like nature are cited. The court, in so instructing the jury, stated matters of fact which are of common knowledge. There is no contention that what was said was untrue. While a trial court is without authority to use undue influence or to coerce the jury, or to impose upon them a constraint that will interfere with the exercise of their independent judgment of the facts, it is not reversible error to direct their attention to matters of public concern, and to impress them with the seriousness of a case which is under consideration. What the court said in this case was not in any sense an appeal to passion or to prejudice. It can be regarded only as a wholesome admonition.

In Reynolds v. United States, 98 U. S. 145, 25 L. Ed. 244, the court approved a charge in a bigamy case in which, speaking of the consequences of polygamy, the trial court said:

"I think it not improper, in the discharge of your duties in this case, that you should consider what are to be the consequences to the innocent victims of this delusion. As this contest goes on, they multiply, and there are pure-minded women and there are innocent children, innocent in the sense even beyond the degree of the innocence of childhood itself. These are to be the sufferers; and as jurors fail to do their duty, and as these cases come up in the territory [of Utah], just so do these victims multiply and spread themselves over the land."

In Hayes v. United States (C. C.) 32 Fed. 662, Judge Brewer said:

"It is not to be wondered at under the circumstances that the learned judge who tried this case was indignant, and felt called upon to impress upon the jury the seriousness of the offense charged, and their duty to give careful attention to the testimony  It is painfully true that there are some violations of law, such as tampering with the ballot box, influencing of jurors, and matters of that kind, which to many seem trivial.  They are often in common conversation laughed at when successful, and simply sneered at when a failure; but they are offenses which, although the punishment imposed by statute be not great, are of a most heinous character and affecting vitally the best interests of society.  It is the duty of the trial judge, when cases of that kind are presented, to see to it that they are not laughed out of court, and that the jury are impressed with the seriousness of the accusation.  It is a matter of congratulation, rather than of complaint, that there are judges whose personal weight of character, learning, and high ability are such that their earnest words compel the serious attention of jurors."

The exception to the charge on the ground that the court had told the jury that Smith was the agent of the defendant was not well taken. The court in charging the jury said:

"Ask yourselves this:  *  *  *  Whether or not Smith was the agent of the defendant."

The evidence justified the suggestion of that question to the jury, and we find no merit in the exception.

The judgment is affirmed.